UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Bennie K. Ellison, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-953 (UNA) |
| | ) | |
| Governor Pat Quinn *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

FILED
JUN 1 0 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, has submitted a document captioned "Multi-District Litigation Habeas Corpus Petition," along with an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner is an Illinois state prisoner incarcerated at a correctional facility in Sumner, Illinois. He challenges the United States Supreme Court's apparent refusal to review decisions denying his state habeas petition and then proceeds to challenge his conviction. *See* Petition at 1-2. This Court is not a reviewing court, *see* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), and it certainly has no authority to review the decisions of the Supreme Court. *See Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action.").

In addition, federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of state remedies. *See* 28 U.S.C. §2254(b)(1). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). If, as the petition suggests, petitioner has previously adjudicated his habeas claims, he must seek permission from the United States Court of Appeals for the Seventh Circuit to file a successive petition in the appropriate district court in Illinois. *See id.* § 2244(b). Because the petitioner has no recourse in the District of Columbia, this action will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ Beryl A. Howell
United States District Judge

Date: May 27, 2014